UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARY A. MAZIARZ,                )
       Plaintiff,               )
                                )
            v.                  ) C.A. NO. 15-30098-MAP
                                )
MEGAN BRENNAN, Postmaster       )
General of the United States    )
Postal Service,                 )
       Defendant.               )

<u>MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT</u>
(Dkt. Nos. 15 & 46)

September 22, 2016

**PONSOR, U.S.D.J.**

Plaintiff, a former employee of Defendant United States Postal Service ("USPS"), contends that she was discriminated against based upon her age and disability when the USPS denied her a reasonable accommodation, failed to continue her pay following an on-the-job injury, and terminated her employment.

Defendant filed a Motion to Dismiss, or alternatively for Summary Judgment, based upon Plaintiff's failure to exhaust her administrative remedies (Dkt. No. 15). The motion was referred to Magistrate Judge Katherine A. Robertson for a report and recommendation. Judge Robertson heard oral argument and permitted the parties to make

supplemental submissions, treating the motion as one for summary judgment.

On August 3, 2016, Judge Robertson issued her Report and Recommendation (Dkt. No. 46), laying out the underlying facts and law in meticulous detail and recommending that summary judgment enter in favor of Defendant based upon Plaintiff's failure to exhaust her administrative remedies. Plaintiff filed timely objections to the Report and Recommendation (Dkt. No. 53).

Upon de novo review, the court will adopt the Report and Recommendation of Judge Robertson and allow Defendant's motion.  It is not necessary to recapitulate the Recommendation's scrupulous analysis in detail.  The central legal requirement, with which Plaintiff failed to comply, was that she "'initiate contact' with an Equal Employment Opportunity counselor at [her] agency 'within 45 days of the date of the matter alleged to be discriminatory.'" Green v. Brennan, 136 S. Ct. 1769, 1774 (2016)(quoting 29 C.F.R. § 1614.105(a)(1)(2015)).  Even using a timeline that is most generous to Plaintiff, the record is clear that the 45-day contact requirement was not met in this case.  The First Circuit has emphasized that the exhaustion requirement "is no small matter; it 'is a condition to the waiver of sovereign immunity' and thus 'must be strictly construed.'"

<u>Vazquez-Rivera v. Figueroa</u>, 759 F.3d 44, 47-48 (1st Cir. 2014)(quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 94 (1990)).

As Judge Robertson noted, Plaintiff's claim for reasonable accommodation had to be brought to the attention of an EEO counselor no later than January 20, 2013. (<u>See</u> Dkt. No. 46 at 8.)  Plaintiff did not initiate any such contact until June 7, 2013, far beyond the deadline.

Similarly, to the extent that Plaintiff is pursuing a claim for wrongful discharge, she was required to make contact with the counselor no later than 45 days following December 27, 2012, the date that she was notified that her employment with the USPS was being terminated.  Even if the court were to extend this accrual date by 30 days, to take into consideration the date up to which she remained in pay status, the 45-day contact requirement was not met.

For the reasons laid out by Judge Robertson, the law does not recognize any extension of the accrual date for a claim based upon a pending grievance proceeding.  Even if it did, Plaintiff's contact with the EEO counselor fell outside the 45-day limit.  Moreover, the doctrines of continuing violation and equitable tolling simply do not, for the reasons stated in the Report and Recommendation, assist Plaintiff here.

In conclusion, the applicable authorities leave this court with no alternative.  While Plaintiff's sincere sense of injury comes through vividly in her pro se filings, it would be false consolation to deny Defendant's motion when it is so clear that Plaintiff's claim lacks factual and legal support.

Based upon the foregoing, upon de novo review, the court hereby ADOPTS the Report and Recommendation of Judge Robertson (Dkt. No. 46).  Defendant's Motion to Dismiss or for Summary Judgment (Dkt. No. 15) is hereby ALLOWED.  The clerk is ordered to enter judgment for Defendant.  This case may now be closed.

It is So Ordered.

                                    /s/ Michael A. Ponsor
                                    MICHAEL A. PONSOR
                                    U. S. District Judge